NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANSSEN PRODUCTS, L.P., et al., | : | |
| Plaintiffs, | : | **OPINION** |
| v. | : | Civ. No. 10-5954 (WHW) |
| LUPIN LIMITED, et al., | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiffs Janssen Products, L.P., Janssen R&D Ireland, and G.D. Searle, LLC (collectively, "Plaintiffs") move to strike portions of Defendants' Lupin Limited, Lupin Pharmaceuticals, Inc., Mylan Pharmaceuticals Inc., Mylan Inc., Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries, Ltd. (collectively, "Defendants") responsive *Markman* Brief and Supplemental Declaration of Dr. Laird. In the alternative, Plaintiffs request consideration of their reply brief. Under Federal Rule of Civil Procedure 78, the Court denies the motion to strike, but grants consideration of Plaintiffs' reply brief.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 17, 2012, the parties exchanged preliminary claim constructions and evidence for U.S Patent No. RE43,596 E ("'596 patent"). The parties have sought construction of a single term from the '596 patent: "heterocyloalkoxy" in claim 13. On January 7, 2013, the parties filed their Joint Claim Construction and Prehearing Statement with the Court. ECF No. 261. On January 18, 2013, the parties filed their initial *Markman* briefs. ECF Nos. 269-71.

1

Defendants' submission included a Declaration from one of their experts, Trevor Laird, Ph.D. Plaintiffs then deposed Dr. Laird. ECF No. ECF No. 290-2. On February 19, 2013, the parties filed responsive *Markman* submissions. ECF Nos. 289-90. Defendants included a Supplemental Declaration from Dr. Laird. ECF No. 289-1.

On March 15, 2013, Plaintiffs filed a motion to strike sections of Defendants' responsive *Markman* Brief and the Supplemental Declaration of Dr. Laird in its entirety, arguing that Defendants raised a new argument regarding the construction of the term "heterocycloalkoxy." ECF No. 298. In the alternative, Plaintiffs requested consideration of their reply brief. Defendants opposed on April 4, 2013. ECF No. 306.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits a party to move to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *Kim v. Baik*, Civ. No. 06-3604, 2007 WL 674715, at *5 (D.N.J. Feb. 27, 2007) (quoting *River Road Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990)).

But motions to strike are disfavored as a drastic remedy and will usually be denied. *See Braintree Labs., Inc. v. Novel Labs., Inc.*, Civ. No. 11-1341, 2013 WL 211252, at *18 (D.N.J. Jan. 18, 2013); *see also Cryofab, Inc. v. Precision Med., Inc.*, Civ. No. 08-1236, 2008 U.S. Dist. LEXIS 51758, at *6 (D.N.J. Jul. 3, 2008) (quoting *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)).

Admissibility of expert testimony is committed to the broad discretion of the trial court. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("The District Court has discretion to determine whether expert testimony will help the trier of fact").

Federal Rule of Evidence 702, governing the admissibility of expert evidence, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Fed. R. Civ. P. 702. Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." The touchstone of admissibility of expert evidence is helpfulness. *See also Berckeley*, 455 F.3d at 217.

In *Markman* hearings, the Federal Circuit has prioritized the importance of intrinsic evidence in a court's claim construction evaluation. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-17 (Fed. Cir. 2005). But the Federal Circuit has held generally "that extrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes, such as to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field." *Id.* at 1318. This Court has previously noted that it is wary of the reliability of expert evidence produced solely for the purposes of claim construction. *Ricoh Co., Ltd. v. Katun Corp.*, 380 F. Supp. 2d 418, 423 (D.N.J. 2005); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, Civ. No. 05-897, 2007 WL 1231773, at *18 (D.N.J. Apr. 23, 2007). But since extrinsic evidence may be useful to the court, it is permissible for the court in its discretion to admit and use such evidence. *Phillips*, 415 F.3d at 1319.

**DISCUSSION**

Plaintiffs argue that a responsive *Markman* brief is an inappropriate place to raise a new argument. Motion to Strike Portions of Defendants' Responsive *Markman* Brief and Supplemental Laird Declaration at 4 ("Mot. to Strike"). They contend that Defendants could have raised these new assertions sooner, since they allegedly respond to information that has been in Defendants' possession since mid-December 2012. *Id.* Plaintiffs further maintain that Defendants' new argument is contrary to the assertion of their own expert, Dr. Laird, during his deposition. *Id.* at 6.

Defendants contend that their responsive *Markman* brief directly responds to arguments raised for the first time in Plaintiffs' opening *Markman* brief. Defendants' Joint Opposition to Plaintiffs' Motion to Strike at 2 ("Opp."). Further, Defendants argue that the portions of their responsive *Markman* that Plaintiffs seek to strike are the sections that highlight the "logical flaw" in Plaintiffs' argument (*id.* at 5-6), and that Dr. Laird did not in fact contradict himself during his deposition (*id.* at 7-9).

More specifically, on December 17, 2012, Plaintiffs identified their proposed construction of "heterocycloalkoxy" as a "heterocycloalkyl ether radical wherein the heterocycloalkyl group is a bicyclic heterocycle radical having 1-4 oxygen heteroatom ring members." Mot. to Strike at 2, Ex. 8 (Janssen's Preliminary Claim Construction and Preliminary Identification of Intrinsic and Extrinsic Evidence for U.S. Patent RE43,596) at 2. On January 4, 2013, this proposed construction was incorporated by reference in Plaintiffs' identification of evidence in opposition to Defendants' proposed constructions. Mot. to Strike, Ex. 9 (Janssen's Identification of Evidence in Opposition to Defendants' Proposed Claim Constructions). The

proposed construction was next incorporated into the parties' January 7, 2013 Joint Claim Construction and Prehearing Statement. ECF No. 261.

In their opening *Markman* brief, Plaintiffs expanded on that construction, stating that the disputed term "hetocycloalkoxy" is "a combination of two terms that are expressly defined in the '596 patent: heterocycloalkyl and alkoxy." Plaintiffs' Opening *Markman* Brief Regarding U.S. Patent No. RE43,596 E at 4.

When Plaintiffs subsequently deposed Defendants' expert, Dr. Laird, he agreed with Mr. Yue, one of Plaintiffs' attorneys, that "a heterocycloalkoxy is a heterocycloalkyl ether radical, and a person of skill in the art would understand that." Laird Dep. Tr. 340:16-22 (ECF No. 290-2).

Next, in Defendants' responsive *Markman*, they stated that they "would not object to a construction of 'heterocycloalkoxy' as a true 'combination' of the terms 'heterocycloalkyl' and 'alkoxy' – that is, construed as 'a heterocycloalkyl *alkyl* ether radical wherein the heterocycloalkyl group is a bicyclic heterocycle radical having 1-4 oxygen heteroatom ring members." Defendants' Joint Responsive *Markman* Brief Regarding U.S. Patent No. RE43,596 E at 10 (emphasis in original).

Local Patent Rule 4 controls claim construction proceedings in the District of New Jersey. These Rules are intended to allow for maximum consideration of all evidence to permit the fact finder to make an educated and informed decision. *APP Pharms., LLC v. AmeriDose LLC*, Civ. No. 10-4109, 2011 WL 6325975, at *1 (D.N.J. Dec. 6, 2011). The Rules are not intended to create loopholes for parties to exploit. *Id.* The motion to strike will be addressed within this framework.

### 1. Motion to Strike Portions of Defendants' Responsive *Markman* Brief is Denied

To further their contention that it was inappropriate for Defendants to raise a new argument in their responsive *Markman*, Plaintiffs cite several cases holding that reply briefs are not the place to raise new arguments. Mot. to Strike at 4. This Court notes that none of the cases cited by Plaintiffs address simultaneous briefing during claim construction, but rather only pertain to the situation where a moving party includes new arguments in its reply brief. *See* Opp. at 6-7 (distinguishing cases).

This Court finds that Plaintiffs did not fully disclose their combination argument before the opening *Markman*, nor did they establish that the arguments in Defendants' responsive *Markman* were "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The goal of a responsive *Markman* is to respond to the allegations presented by the opposing side in the opening *Markman*. In their responsive *Markman*, Defendants merely responded to Plaintiffs' theory of construction fully explained for the first time in their opening *Markman*. Defendants' arguments are far from immaterial; they are directly responsive to the opposing party's opening *Markman*. Recognizing that motions to strike are disfavored and usually denied, and considering Plaintiffs' failure to demonstrate that this case is in any way exceptional, the motion to strike portions of Defendants' responsive *Markman* is denied.

### 2. Motion to Strike Defendants' Supplemental Declaration of Dr. Laird is Denied

Plaintiffs have also moved to strike the Supplemental Declaration of Dr. Laird that Defendants filed with their responsive *Markman*. Plaintiffs contend that Dr. Laird should have been fully aware of Plaintiffs' combination argument and refer to the parties' Joint Claim Construction and Prehearing Statement. ECF No. 261. But the Joint Claim Construction, like the other documents cited by Plaintiffs, proposes a definition for "heterocycloalkoxy" without any

specific mention of the combination argument relied on by Plaintiffs in their opening *Markman*. *Id.* at 6. Plaintiffs maintain that Dr. Laird must have known about this argument because he admits in his Supplemental Declaration that he dismissed such theory "as an initial matter" in his first declaration. Supp. Decl. of Dr. Laird, ¶ 6 (ECF No. 289-1). It does not follow that Dr. Laird knew of Plaintiffs' proposed construction. In fact, addressing the "combination" theory only as an initial matter suggests that Dr. Laird was not aware that Plaintiffs intended to use the theory as the primary basis of their claim construction.

There is also insufficient evidence to support Plaintiffs' claim that Dr. Laird's Supplemental Declaration was an effort by Defendants to rectify an error by Dr. Laird in his deposition. Mot. to Strike at 5. Plaintiffs contend that Dr. Laird acquiesced to the Plaintiffs' construction in a statement made during his deposition. Laird Dep. Tr. 340:16-22; Reply at 3. Defendants maintain that Dr. Laird's testimony was not damaging and that Plaintiffs are attempting to mislead the Court. Opp. at 8. But as Defendants highlight, the claim construction dispute is not over what "heterocycloalkoxy" means by itself, but whether the limitations introduced into the meaning of the term "heterocycloalkyl" in claim 13 of the '596 patent also limit the term "heterocycloalkoxy." Opp. at 7-9. There is no evidence in the deposition transcript to suggest that Dr. Laird was not speaking to the meaning of "heterocycloalkoxy" by itself. *See generally* Laird Dep. Tr.

In addition, in his deposition, Dr. Laird specifically explains that the form of the claims suggest that the definitions of "heterocycloalkyl" and "heterocycloalkoxy" do not inform one another since the two terms are identified separately in the claims of the patent. Laird Dep. Tr. 340:1-15 ("So you wouldn't have expected heterocycloalkyl to be part of heterocycloalkoxy because it was already stated on its own.")

Finally, the Federal Circuit has frequently acknowledged the usefulness of expert testimony in constructing claim terms. *See, e.g., Phillips*, 415 F.3d at 1318. If the expert testimony tends to aid the fact finder in better understanding the issue, then the testimony will generally be allowed. *Berckeley*, 455 F.3d at 217. Claim terms are to be given the ordinary and customary meaning as a person of ordinary skill in the art at the time of the invention would have understood the term to mean. *Phillips*, 415 F.3d at 1313.

It follows that this Court also declines to grant Plaintiffs' motion to strike with respect to the Supplemental Declaration of Dr. Laird. This Declaration is limited to refuting the new construction proposed by Plaintiffs in their opening *Markman* and is helpful to the trier of fact. *See* Fed. R. Evid. 702; Fed. R. Evid. 704; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Berckeley*, 455 F.3d at 217-19; *Braintree Labs, Inc.*, 2013 WL 211252, at *19.

### 3. Motion for Consideration of Plaintiffs' Reply Brief is Granted

The Local Patent Rules are designed so that both sides exchange proposed claim constructions before filing the opening *Markman* briefs. The Local Patent Rules encourage early disclosures and exchanges of information so that both sides are as informed as possible when filing the opening *Markman* briefs. But here, Defendants allege that Plaintiffs did not fully explain and disclose the method for their claim construction. Because Defendants were supposedly unaware of the combination argument, they did not address it until their responsive *Markman*, leaving Plaintiffs with no opportunity to respond. If the Rules had been used properly, Defendants would have refuted Plaintiffs' construction in their opening *Markman* and Plaintiffs would have an opportunity to counter in their responsive *Markman*.

Because this Court is willing to consider Defendants' new counterargument, in fairness, it will also consider Plaintiffs' rebuttal to the new argument. Additional arguments of either side are helpful. In construing claims, "[t]he judge's task is not to decide which of the adversaries is correct. Instead, the judge must independently assess the claims, the specification, and if necessary the prosecution history, and relevant extrinsic evidence, and declare the meaning of the claims." *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1556 (Fed. Cir. 1995). The motion for consideration of Plaintiffs' reply brief is granted.

## CONCLUSION

Plaintiffs' motion to strike portions of Defendants' Responsive *Markman* Brief and Supplemental Laird Declaration is denied. Plaintiffs' motion, in the alternative, for consideration of Plaintiffs' Reply Brief is granted.

July 16, 2013

**/s/ William H. Walls**
United States Senior District Judge