**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PRODUCTS, L.P., et al., :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>LUPIN LIMITED, et al., :<br>:<br>Defendants. :<br>:<br>:<br>: | **OPINION**<br><br>Civ. No. 2:10-05954 (WHW) |

**Walls, Senior District Judge**

Plaintiffs Janssen Products, L.P. and Janssen R&D Ireland (collectively, "Janssen") appeal the Magistrate Judge's December 23, 2013 Order to Seal portions of the Court's *Markman* opinion, ECF No. 620. Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") and Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan") (all collectively, "Defendants") oppose Janssen's appeal. The Court decides this appeal without oral argument under Federal Rule of Civil Procedure 78 and reverses the Magistrate Judge's December 23, 2013 Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

This consolidated action arises out of Defendants having filed Abbreviated New Drug Applications ("ANDAs") with the Food and Drug Administration (the "FDA") seeking approval to sell generic versions of Janssen's highly successful HIV drug PREZISTA® (also known by its compound name, darunavir) 75 mg, 150 mg, 300 mg, 400 mg, and 600 mg products. *Markman*

1

**NOT FOR PUBLICATION**

Op. at 1-2 (ECF No. 477). Janssen sued the various Defendants after receiving notice that they had submitted these ANDAs to the FDA.

Defendants' ANDAs contained Paragraph IV certifications, which asserted that U.S. Patent Nos. 5,843,946 (the "'946 Patent"), 6,248,775 B1 (the "'775 Patent"), RE42,889 E (the "'889 Patent"), and RE43,596 E (the "'596 Patent", collectively, the "Searle Patents") were invalid and/or would not be infringed by Defendants' proposed generic versions of PREZISTA®. Between April 15, 2013 and July 15, 2013, Defendants converted their Paragraph IV certifications with respect to the Searle Patents to Paragraph III certifications, informing the FDA that they would not seek approval of their proposed generic products until after the expiration of the Searle Patents and their associated exclusivities. The submission of the Paragraph III certifications to the FDA resolved the parties' dispute over the Searle Patents, and this Court "so ordered" three dismissal stipulations (filed under seal) as to the Searle Patents, as well as a stipulation removing G.D. Searle, LLC as a named party in the case, *see* ECF Nos. 378, 392, 415, 429. *Markman* Op. at 3 (ECF No. 477).

On October 15, 2013, this Court issued an opinion on claim construction. *See id.* The opinion was made available to the public through the Court's electronic docket. In its "Factual and Procedural Background" section of the opinion, the Court referenced the fact that Defendants had:

> [C]onverted their Paragraph IV certifications with respect to the Searle Patents to Paragraph III certifications, informing the FDA that they would not seek approval of their proposed generic products until after the expiration of the Searle Patents and their associated exclusivities. The submission of the Paragraph III certifications to the FDA resolved the parties' dispute over the Searle Patents, and this Court "so ordered" three dismissal stipulations as to the Searle Patents, as well as a stipulation removing G.D. Searle, LLC as a named party in the case. ECF Nos. 378, 392, 415, 429.

*Id.* at 3. Upon being made available on the Court's electronic docket, the opinion was picked up by various publicly-available sources, including Google Scholar, Justia.com, FindACase.com,

**NOT FOR PUBLICATION**

LexisNexis and Westlaw.[1] Shortly after the opinion was made publicly available, Defendants contacted the Court and the Clerk of the Court and requested that the opinion be temporarily removed from the docket and informed the Clerk that Defendants intended to file a motion to seal portions of the opinion, which they later did. *See* Defs.' Opp. at 7 (ECF No. 675); Defs.' Mot. to Seal (ECF No. 481).

Janssen opposed Defendants' Motion to Seal, arguing, among other things, that it was moot, as the information Defendants sought to seal was already publicly available. Janssen's Br. at 6 (ECF No. 631). On December 23, 2013, Magistrate Judge Waldor issued an order, without opinion, granting Defendants' Motion to Seal the portion of the *Markman* opinion related to Defendants' Paragraph III certifications. ECF No. 620.

On January 6, 2014, Janssen appealed the Magistrate Judge's order granting the motion to seal, arguing that (1) the Magistrate Judge erred in sealing information that was already made public, (2) the Magistrate Judge failed to consider Janssen's legitimate interest in disclosing this information, and (3) that the information contained in the *Markman* opinion is not confidential. Janssen's Br. at 7-11, 12 (ECF No. 631); Janssen's Reply at 7-8 (ECF No. 683).

In opposition, Defendants argue that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Defs.' Opp. at 6-10 (ECF No. 675). More specifically, they argue that the patent amendments disclosed in the *Markman* opinion are part of Defendants' respective ANDA submissions and, as a result, are necessarily confidential. Defendants state that to order them to disclose Paragraph III information "would only serve to undermine FDA's statutory protections maintaining the confidential nature of Defendants' respective ANDAs (including

---

[1] The Court notes that as of the writing of this opinion, the *Markman* opinion is no longer available on its electronic docket, LexisNexis or Westlaw, but can still be found, at least, on FindACase.com and Google Scholar.

**NOT FOR PUBLICATION**

Amendments thereto)," and would "undermine the protections provided under the governing Stipulated Discovery Confidentiality Order ("DCO")." Defs.' Opp. at 4-5 (ECF No. 675). Defendants state that the patent amendments disclosed in the *Markman* opinion "specifically reflect Defendants' internal proprietary business strategy information that, if disclosed to the public, could be damaging to Defendants' interests and would likely give competitors an advantage." *Id.* at 5. Defendants further argue that they took reasonable steps to limit disclosure of their confidential information, which they contend supports upholding the Magistrate Judge's Order. Defs.' Opp. at 7-8 (ECF No. 675). Defendants also attempt to distinguish the cases cited by Janssen for the proposition that once private information is made public, it can never be made private again. *See id.* at 8-10.

## STANDARD OF REVIEW

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the district court pursuant to 28 U.S.C. § 636(b)(1)(A) (2006). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A). The party filing the appeal "bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (citation omitted). "This Court will review a magistrate judge's findings of fact for clear error." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)).

A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

4

**NOT FOR PUBLICATION**

(1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. *Bowen v. Parking Auth. of City of Camden*, Civ. No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

## DISCUSSION

It is well established that once confidential information has been published, it is no longer confidential. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013) ("once the parties' confidential information is made publicly available, it cannot be made secret again"); *Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010) ("once [redacted] is revealed publicly, the disclosure cannot be undone"); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street: Once information is published, it cannot be made secret again."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over." (citation omitted)); *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 251 F. Supp. 2d 1002, 1009 (N.D. Ill. 2003) (Posner, J., sitting by designation) (granting a motion to seal terms of a settlement agreement but only to the extent he had chosen not to discuss those terms in his opinion, as "there the cat is out of the bag").

That law is dispositive to this appeal. Regardless of the reason the Court included the information about the patent amendments in its *Markman* opinion, because the information has been made publicly available—and indeed remains publicly available—the Court does not "have

5

**NOT FOR PUBLICATION**

the power, even were [it] of the mind to use it, to make what has thus become public private again." *Gambale*, 377 F.3d at 144; *see id.* ("[H]owever confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer. It now resides on the highly accessible databases of Westlaw and Lexis and has apparently been discussed prominently elsewhere."). The Second Circuit came to this conclusion despite what it considered "the district court's error" and "serious abuse of discretion," and found that the "genie is out of the bottle . . . [w]e have not the means to put the genie back." *Id.* This Court does not have the power to put the genie back in the bottle, and as a result, portions of the *Markman* opinion cannot now be redacted and sealed after they were made publicly available. It follows that the Magistrate Judge's order must be and is reversed.

## CONCLUSION

This Court concludes that the Magistrate Judge's order is clearly erroneous and contrary to law. The December 23, 2013 order is reversed.

March 12, 2014

/s/ **William H. Walls**
United States Senior District Judge